# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Walker Edison Furniture Company, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> Gibson Living, Inc. ; Moda Flame, Inc.; Elite Flame; Artem Galperin, <br><br> Defendants. | Civil Action No. 7:16-cv-00882-JMC <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Gibson Living, Inc., Moda Flame, Inc., Elite Flame, and Artem Galperin (collectively "Defendants"), by and through their undersigned counsel, answer Plaintiff's Complaint:

## FOR A FIRST DEFENSE

## PARTIES

1. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraph 1 of the Complaint and therefore must deny same.

2. Defendants admit the allegations of Paragraphs 2, 3, and 4 of the Complaint.

3. Defendants deny the allegations of Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

4. Defendants admit that Plaintiff's civil action asserts unfair competition, trademark infringement, counterfeiting, and trade dress infringement under the Lanham Act, design patent infringement under the Patent Act, copyright infringement under the Copyright Act, and for violation of the South Carolina Unfair Trade Practices Act. Defendants deny the remaining

1

allegations of the first sentence of Paragraph 6 of the Complaint. The second sentence of Paragraph 6 of the Complaint relates entirely to matters of law and therefore no response is required; to any other extent, the allegations are denied.

5. With respect to Paragraph 7 of the Complaint, Defendants admit that Defendant Gibson Living is a South Carolina corporation that transacts business in South Carolina but lack information and knowledge sufficient to form a belief as to the remaining allegations of Paragraph 7 of the Complaint and therefore must deny same. The jurisdictional statements relate to matters of law and therefore no response is required to such statements; to any other extent, the allegations are denied.

6. With respect to Paragraph 8 of the Complaint, Defendants admit that Defendant Moda Flame is a South Carolina corporation that transacts business in South Carolina but lack information and knowledge sufficient to form a belief as to the remaining allegations of Paragraph 8 of the Complaint and therefore must deny same. The jurisdictional statements relate to matters of law and therefore no response is required to such statements; to any other extent, the allegations are denied.

7. With respect to Paragraph 9 of the Complaint, Defendants admit that Defendant Galperin is an individual residing in a South Carolina but lack information and knowledge sufficient to form a belief as to the remaining allegations of Paragraph 9 of the Complaint and therefore must deny same. The jurisdictional statements relate to matters of law and therefore no response is required to such statements; to any other extent, the allegations are denied.

8. With respect to Paragraph 10 of the Complaint, Defendants admit that Defendant Elite Flame is a dba of Gibson Living, Moda Flame, and/or Galperin. The jurisdictional statements relate to matters of law and therefore no response is required to such statements; to

any other extent, the allegations are denied.

9. Paragraph 11 of the Complaint relates entirely to matters of law and therefore no response is required.

## FACTUAL BACKGROUND

10. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraphs 12, 13, 14, 15, 16, 17, 18, and 19 of the Complaint and therefore must deny same.

11. Defendants deny the allegations of Paragraphs 20 and 21 of the Complaint.

12. With respect to Paragraph 22 of the Complaint, Defendants admit only that Defendant Gibson Living has listings on Amazon.com and deny the remainder of Paragraph 22.

13. Defendants deny the allegations of Paragraphs 23 and 24 of the Complaint.

14. With respect to the allegations of Paragraph 25, Defendants admit that a copy of the '569 patent was attached as Exhibit B to the Complaint and a copy of the '192 patent was attached as Exhibit C to the Complaint. Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations of Paragraph 25 of the Complaint and therefore must deny same.

15. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraphs 26 and 27 of the Complaint and therefore must deny same.

16. Defendants deny the allegations of the first sentence of Paragraph 28 of the Complaint. Defendants lack information and knowledge sufficient to form a belief as to the allegations of the second sentence of Paragraph 28 and therefore must deny same.

17. Defendants lack information and knowledge sufficient to form a belief as to whether a photograph of a Gibson Living product is reproduced in Paragraph 29 of the

Complaint and therefore must deny same. Defendants deny the remaining allegations of Paragraph 29 of the Complaint.

18. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint and therefore must deny same.

19. Defendants deny the allegations of the first sentence of Paragraph 31 of the Complaint. Defendants lack information and knowledge sufficient to form a belief as to the allegations of the second sentence of Paragraph 31 and therefore must deny same.

20. Defendants deny the allegations of paragraphs 32 and 33 of the Complaint.

21. The allegations of Paragraph 34 of the Complaint purport to address written instruments, the terms of which speak for themselves. Defendants deny every allegation inconsistent with those express terms, as well as the remaining allegations of Paragraph 34 of the Complaint.

22. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint and therefore must deny same.

23. The allegations of Paragraphs 36 and 37 of the Complaint purport to address written instruments, the terms of which speak for themselves. Defendants deny every allegation inconsistent with those express terms, as well as the remaining allegations of Paragraphs 36 and 37 of the Complaint.

24. Defendants deny the allegations of Paragraphs 37 and 38 of the Complaint.

25. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraphs 39, 40, and 41 of the Complaint and therefore must deny same.

26. The allegations of Paragraphs 42 and 43 of the Complaint purport to address written instruments, the terms of which speak for themselves. Defendants deny every allegation

inconsistent with those express terms, as well as the remaining allegations of Paragraphs 42 and 43 of the Complaint.

27. Defendants deny the allegations of Paragraph 44 of the Complaint.

28. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraphs 45, 46, 47, 48, 49, 50, 51, 52, and 53 of the Complaint and therefore must deny same.

29. Defendants deny the allegations of Paragraph 54 of the Complaint.

30. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraphs 55 and 56 of the Complaint and therefore must deny same.

31. Defendants deny the allegations of the first sentence of Paragraph 57 of the Complaint. Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations of Paragraph 57 of the Complaint and therefore must deny same.

32. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraphs 58, 59, and 60 of the Complaint and therefore must deny same.

33. Defendants deny the allegations of Paragraph 61 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**UNFAIR COMPETITION/PASSING OFF UNDER LANHAM ACT 15 U.S.C. § 1125(a)**

34. With respect to the allegations of Paragraph 62 of the Complaint, Defendants repeat and reiterate their preceding allegations, as well as all other defenses set forth elsewhere in this Answer, as fully as if set forth verbatim herein.

35. Defendants deny the allegations of Paragraphs 63, 64, 65, and 66 of the Complaint.

## SECOND CLAIM FOR RELIEF
## DESIGN PATENT INFRINGEMENT UNDER 35 U.S.C. § 271

36. With respect to the allegations of Paragraph 67 of the Complaint, Defendants repeat and reiterate their preceding allegations, as well as all other defenses set forth elsewhere in this Answer, as fully as if set forth verbatim herein.

37. With respect to the allegations of Paragraph 68, Defendants admit that a copy of the '569 patent was attached as Exhibit B to the Complaint and a copy of the '192 patent was attached as Exhibit C to the Complaint. Defendants lack information and knowledge sufficient to form a belief as to the remaining allegations of Paragraph 68 of the Complaint and therefore must deny same.

38. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraphs 69 and 70 of the Complaint and therefore must deny same.

39. Defendants deny the allegations of the first sentence of Paragraph 71 of the Complaint. Defendants lack information and knowledge sufficient to form a belief as to the allegations of the second sentence of Paragraph 71 and therefore must deny same.

40. Defendants lack information and knowledge sufficient to form a belief as to whether a photograph of a Gibson Living product is reproduced in Paragraph 72 of the Complaint and therefore must deny same. Defendants deny the remaining allegations of Paragraph 72 of the Complaint.

41. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraph 73 of the Complaint and therefore must deny same.

42. Defendants deny the allegations of the first sentence of Paragraph 74 of the Complaint. Defendants lack information and knowledge sufficient to form a belief as to the allegations of the second sentence of Paragraph 74 and therefore must deny same.

43. Defendants deny the allegations of paragraphs 75, 76, 77, and 78 of the Complaint.

### THIRD CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

44. With respect to the allegations of Paragraph 79 of the Complaint, Defendants repeat and reiterate their preceding allegations, as well as all other defenses set forth elsewhere in this Answer, as fully as if set forth verbatim herein.

45. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraphs 80 and 81 of the Complaint and therefore must deny same.

46. Defendants deny the allegations of Paragraphs 82, 83, 84, and 85 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

47. With respect to the allegations of Paragraph 86 of the Complaint, Defendants repeat and reiterate their preceding allegations, as well as all other defenses set forth elsewhere in this Answer, as fully as if set forth verbatim herein.

48. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraphs 87, 88, 89, and 90 of the Complaint and therefore must deny same.

49. The allegations of Paragraphs 91 and 92 of the Complaint purport to address a written instrument, the terms of which speak for themselves. Defendants deny every allegation inconsistent with those express terms, as well as the remaining allegations of Paragraphs 91 and 92 of the Complaint.

50. Defendants deny the allegations of Paragraphs 93, 94, 95, 96, 97, and 98 of the Complaint.

## FIFTH CLAIM FOR RELIEF
## COUNTERFEITING UNDER 15 U.S.C. § 1114

51. With respect to the allegations of Paragraph 99 of the Complaint, Defendants repeat and reiterate their preceding allegations, as well as all other defenses set forth elsewhere in this Answer, as fully as if set forth verbatim herein.

52. Defendants lack information and knowledge sufficient to form a belief as to the allegations of Paragraph 100 of the Complaint and therefore must deny same.

53. The allegations of Paragraph 101 of the Complaint purport to address a written instrument, the terms of which speak for themselves. Defendants deny every allegation inconsistent with those express terms, as well as the remaining allegations of Paragraph 101 of the Complaint.

54. Defendants deny the allegations of Paragraphs 102, 103, 104, and 105 of the Complaint.

## SIXTH CLAIM FOR RELIEF
## TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

55. With respect to the allegations of Paragraph 106 of the Complaint, Defendants repeat and reiterate their preceding allegations, as well as all other defenses set forth elsewhere in this Answer, as fully as if set forth verbatim herein.

56. Defendants deny the allegations of Paragraphs 107, 108, 109, 110, and 111 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT
## UNDER S.C. CODE § 39-5-20 & 39-5-140

57. With respect to the allegations of Paragraph 112 of the Complaint, Defendants repeat and reiterate their preceding allegations, as well as all other defenses set forth elsewhere in

this Answer, as fully as if set forth verbatim herein.

58. Defendants deny the allegations of Paragraphs 113, 114, 115, and 116 of the Complaint.

## GENERALLY

59. Defendants deny each and every allegation of the Complaint not specifically admitted, qualified, or explained herein.

60. Defendants deny that Plaintiff is entitled to any of the relief or remedies requested in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

61. On information and belief, the claim of U.S. Design Patent No. D717,569 is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 102, 103, and/or 112, if interpreted in a manner to cover Defendants' accused products.

## SECOND AFFIRMATIVE DEFENSE

62. On information and belief, the claim of U.S. Design Patent No. D743,192 is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 102, 103, and/or 112, if interpreted in a manner to cover Defendants' accused products.

## THIRD AFFIRMATIVE DEFENSE

63. Defendants have not infringed, and are not infringing, any claim of U.S. Design Patent No. D743,192, either directly, literally, under the Doctrine of Equivalents, contributorily, or by inducement.

## FOURTH AFFIRMATIVE DEFENSE

64. Defendants have not infringed, and are not infringing, any claim of U.S. Design Patent No. D743,192, either directly, literally, under the Doctrine of Equivalents, contributorily, or by inducement.

## FIFTH AFFIRMATIVE DEFENSE

65. On information and belief, Plaintiff failed to mark any product purportedly embodying the alleged inventions of U.S. Design Patent No. D717,569 as required by 35 U.S.C. § 287, and alleged actual notice by Plaintiff to Defendants concerning U.S. Design Patent No. D717,569 was on or after the filing of this lawsuit, such that any damages, which are denied and which are alleged herein exclusively for purposes of this Affirmative Defense and no other, are limited pursuant to 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE

66. On information and belief, Plaintiff failed to mark any product purportedly embodying the alleged inventions of U.S. Design Patent No. D743,192 as required by 35 U.S.C. § 287, and alleged actual notice by Plaintiff to Defendants concerning U.S. Design Patent No. D743,192 was on or after the filing of this lawsuit, such that any damages, which are denied and which are alleged herein exclusively for purposes of this Affirmative Defense and no other, are limited pursuant to 35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE

67. The Complaint fails to state a claim upon which relief can be granted against Defendant Moda Flame.

**EIGHTH AFFIRMATIVE DEFENSE**

68. The Complaint fails to state a claim upon which relief can be granted against Defendant Artem Galperin.

**NINTH AFFIRMATIVE DEFENSE**

69. The Complaint fails to state a claim upon which relief can be granted against Defendant Elite Flame.

**TENTH AFFIRMATIVE DEFENSE**

70. The subject matter of Plaintiff's asserted copyrights, copyright applications, and/or copyright registrations are not sufficiently original to the Plaintiff and therefore are not entitled to copyright protection.

**ELEVENTH AFFIRMATIVE DEFENSE**

71. The subject matter of all or portions of Plaintiff's asserted copyrights, copyright applications, and/or copyright registrations are so commonly known and in such common use in the public domain as to lack a reasonable level of originality entitling Plaintiff to claim exclusive copyright thereto.

**TWELFTH AFFIRMATIVE DEFENSE**

72. Few, if any, elements of Plaintiff's asserted copyrights, copyright applications, and/or copyright registrations are original to the Plaintiff, and to the extent they have some minimal degree of creativity, no such elements original to the Plaintiff are substantively similar to Defendants' works.

### THIRTEENTH AFFIRMATIVE DEFENSE

73. The elements of Plaintiff's asserted copyrights, copyright applications, and/or copyright registrations are functional and/or common ideas of a general style, and therefore are not protected by copyright.

### FOURTEENTH AFFIRMATIVE DEFENSE

74. Because Plaintiff's asserted copyrights incorporate sources other than Plaintiff's own original expression, the "ordinary observer" test does not apply to Plaintiff's cause of action, and instead the "more discerning observer" test is required, under which no copyright infringement by Defendants exits.

### FIFTEENTH AFFIRMATIVE DEFENSE

75. Plaintiff's asserted copyright registrations and copyright applications are invalid, unenforceable, and not capable of sustaining a copyright infringement action.

### SIXTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims for copyright infringement are barred to the extent Plaintiff incorporated others' works in its asserted copyrights, copyright registrations, and/or copyright applications and did not provide the names of such others as contributors to the work, or did not otherwise procure the prior consent of said others.

### SEVENTEENTH AFFIRMATIVE DEFENSE

77. Defendants' works were the result of independent creation and are not substantially similar to any protectable elements of Plaintiffs' asserted copyright such that no cause of action exists against Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

78. To the extent that there are similarities between Defendants' works and Plaintiff's asserted copyrights, such similarities are functional and/or the result of functional requirements.

### NINTEENTH AFFIRMATIVE DEFENSE

79. Plaintiff has suffered no damages as a result of Defendant's alleged conduct and to the extent damages have been sustained, which Defendants deny, such damages and any request for attorney fees are limited under the Copyright Act at 17 U.S.C. § 412.

### TWENTIETH AFFIRMATIVE DEFENSE

80. Assuming, without admitting, that Plaintiff has stated a valid claim for copyright infringement, Defendants' actions were not willful.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

81. Plaintiff cannot prove that any use by Defendants of Plaintiff's alleged trademarks results in a likelihood of confusion.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

82. Plaintiff cannot prove that any use by Defendants of Plaintiff's alleged trade dress results in a likelihood of confusion.

### JURY DEMAND

Defendants demand a trial by jury on all issues in this action.

WHEREFORE, Defendants pray that Plaintiff take nothing by its Complaint, that the Complaint be dismissed with prejudice, that the Court order Plaintiff to pay Defendants' reasonable attorney fees and cost of suit, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this 8th day of April, 2016.

        NEXSEN PRUET, LLC

        s/ Amy Allen Hinson
        Amy Allen Hinson (Fed. ID # 11703)
        Timothy D. St.Clair (Fed. ID # 4270)
        P. O. Drawer 10648
        Greenville, SC  29603
        Telephone: (864) 282-1168
        E-Mail:  aahinson@nexsenpruet.com
        E-Mail:  tstclair@nexsenpruet.com

        ATTORNEYS FOR DEFENDANTS